IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HARDY,<br><br>        Plaintiff,<br>  v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Defendant | No. C-08-5220 MMC<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY PRELIMINARY INJUNCTION** |

      Before the Court is plaintiff Tina Hardy's "Ex Parte Application for Temporary Preliminary Injunction on Verified Complaint," filed November 25, 2008, by which plaintiff seeks an order prohibiting defendant and persons acting on defendant's behalf from "entering, attempting to gain entry or possessing or repossessing" plaintiff's real property.[1] Having read and considering plaintiff's application, the Court rules as follows.

      A temporary restraining order may not issue in the absence of notice to the defendant unless it "clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition," or the applicant "certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons

---

[1] Although plaintiff does not expressly identify the real property at issue herein, it appears the property is located at the address set forth, on the first page of the complaint, as plaintiff's current address.

supporting the claim that notice should not be required." See Fed. R. Civ. P. 65(b). Here, plaintiff has not provided proof that she served her application on defendant, nor has she satisfied either of the above-referenced exceptions to the notice requirement. Specifically, plaintiff fails to offer any facts by affidavit or verified complaint, let alone "specific facts," to support a finding that she has not had an opportunity to notify defendant, and fails to show she made any effort to serve defendant or to offer any reason why defendant should not be entitled to advance notice.

Moreover, preliminary injunctive relief is only available to a plaintiff "who demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in [plaintiff's] favor." See Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). "As an irreducible minimum, the moving party must demonstrate a fair chance of success on the merits, or questions serious enough to require litigation." Id. (internal quotations and citation omitted). Here, plaintiff has failed to demonstrate the "irreducible minimum," i.e., plaintiff has failed to show she has a "fair chance of success on the merits" of her claims and has failed to identify any "serious question." Moreover, plaintiff has not offered any evidence in support of her claims.[2]

Accordingly, plaintiff's application is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 26, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] Contrary to the title of the instant application, plaintiff's complaint is not verified.

2