IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA HARDY,<br><br>        Plaintiff,<br>  v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Defendant                      / | No. C-08-5220 MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS; VACATING HEARING** |

Before the Court is defendant's Motion to Dismiss, filed December 18, 2008. Plaintiff did not file a response.[1] Having read and considered the motion, the Court deems the matter suitable for decision on the moving papers, VACATES the hearing scheduled for January 23, 2009, and rules as follows.

Plaintiff alleges that she and defendant entered into an agreement "referred to as the 'Promissory Note,' wherein [p]laintiff agreed that for consideration in the form of a loan by [d]efendant, for the purchase of Real Property in the amount requested, [plaintiff] would be indebted to [d]efendant in like, for the same loan and interest." (See Compl. at 2.) Plaintiff seeks herein an order relieving her of the obligation to repay the note because, according to plaintiff, defendant did not provide plaintiff with "lawful money," but, instead,

---

[1] A response to a motion must be filed "no less than 21 days before the hearing date." See Civil L.R. 7-3(a).

deposited a "credit" into plaintiff's bank account. (See Compl. at 4, 8.)

For the reasons stated by defendant, (see Def.'s Mem. of P. & A., filed December 18, 2008, at 4:4-7:13), the Court finds plaintiff has failed to state a claim upon which relief can be granted, and, further, that affording plaintiff leave to amend would be futile. See Rene v. Citibank, 32 F. Supp. 2d 539, 544-45 (E.D. N.Y. 1999) (dismissing, for failure to state a claim, complaint alleging bank failed to give plaintiff "lawful money" when it gave plaintiff check); Thiel v. First Fed. Savings & Loan Ass'n, 646 F. Supp. 592, 594-96 (N.D. Ind. 1986) (finding "totally without legal foundation" plaintiff's claim that lender defrauded plaintiff by issuing check in exchange for promissory note; stating, "plaintiffs' theory is absurd").[2]

Accordingly, defendant's motion to dismiss is hereby GRANTED, and the complaint is DISMISSED without leave to amend.

The Clerk shall close the case.

**IT IS SO ORDERED.**

Dated: January 13, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] In light of this finding, the Court does not reach defendant's alternative arguments in support of dismissal.

2